1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9

10  Sean Bernard Runningeagle,            )   No. CV-98-1903-PHX-PGR
                                          )
11              Petitioner,               )   <u>DEATH PENALTY CASE</u>
                                          )
12  vs.                                   )
                                          )
13                                        )   **ORDER RE: PROCEDURAL STATUS**
    Dora Schriro, et al.,                 )   **OF SENTENCING CLAIMS**
14                                        )
              Respondents.                )
15                                        )
                                          )
    _____)
16

17          Petitioner Sean Runningeagle ("Petitioner") filed an Amended Petition for Writ of

18  Habeas Corpus alleging that he is imprisoned and sentenced to death in violation of the

19  United States Constitution. (Dkt. 18.)[1] Following the decision in <u>Ring v. Arizona</u>, 536 U.S.

20  584 (2002), which held that aggravating circumstances that render a defendant death-eligible

21  must be found by a jury, the Court stayed the sentencing-related aspects of Petitioner's

22  claims while he sought relief from his sentence in state court pursuant to <u>Ring</u>. (Dkt. 79.)

23  In the interim, the Court resolved the procedural status of the conviction-related aspects of

24  Petitioner's claims. (Dkt. 90.)  Following the decision in <u>Summerlin v. Schriro</u>, 124 S.Ct.

25  2519 (2004), which held that <u>Ring</u> did not apply to cases, such as Petitioner's, that were final

26  for purposes of direct review at the time <u>Ring</u> was decided, the Court vacated the stay of

27  _____

28          [1]        "Dkt." refers to the documents in this Court's file.

Petitioner's sentencing-related claims.  (Dkt. 102.)  This Order addresses the procedural status of the remaining sentencing-related claims, Claims 1-3, 5, and 8-22.

**PROCEDURAL BACKGROUND**

In 1988, a jury convicted Petitioner of two counts of first degree murder and the trial court sentenced him to death.  (ROA 46, 51-52, 290.)[2]  While his direct appeal was pending before the Arizona Supreme Court, Ariz. Supr. Ct 1, Petitioner filed a *pro se* application for a writ of *coram nobis*, a petition for post-conviction relief ("PCR"), and a supplement to his petition for PCR.  (ROA 301; dkt. 21, ex. B, C.)  The Arizona Supreme Court stayed Petitioner's direct appeal and revested jurisdiction in the trial court ("PCR court") to resolve the merits of the PCR.  (Ariz. Supr. Ct. 19.)  The PCR court appointed counsel to represent Petitioner and counsel thereafter filed a Supplemental PCR and a Second Supplemental PCR (Petitioner's pro se PCR filings and counsel's supplements are hereafter collectively referred to as "1st PCR").  (Dkt. 21, ex. D, E.)  The PCR court summarily denied PCR relief and a subsequent motion for rehearing.[3]  (Dkt. 21, ex. F, G, H.)  The parties thereafter briefed Petitioner's direct appeal claims and his petition for review, which had been consolidated by the Arizona Supreme Court.  (Ariz. Supr. Ct. 30, 31.)  The Arizona Supreme Court affirmed Petitioner's convictions and sentence and the denial of the 1st PCR.  State v. Runningeagle, 176 Ariz. 59, 61, 859 P.2d 169, 171 (1993).  Following its opinion, the court summarily denied Petitioner's motion for reconsideration.  (Ariz. Supr. Ct. 45, 47.)

Thereafter, the supreme court issued its mandate before the time in which to seek certiorari to the U.S. Supreme Court had expired, which triggered the filing of a second

---

[2] "ROA" refers to four-volumes of state court records prepared for Petitioner's direct appeal and petition for review to the Arizona Supreme Court (Case No. CR-89-0046-AP/PC).  "Ariz. Supr. Ct." refers to documents filed with the state supreme court on direct appeal (Case No. CR-89-0046-AP/PC).  "RT" refers to the state court reporter's trial transcripts.  Certified copies of the state court proceedings were provided to this Court by the Arizona Supreme Court on January 5, 1999.  (Dkt. 16.)

[3] The court did not rule on the application for writ of coram nobis, presumably, as discussed in the Court's prior order, because Arizona had amended its rules to eliminate that avenue for relief in preference to petitions for post-conviction relief.  (Dkt. 90 at 11-12.)

1   Notice of PCR on Petitioner's behalf. (Ariz. Supr. Ct. 49, 50.)  Subsequently, the supreme
2   court granted Petitioner's motion to stay its mandate until after the time in which to seek
3   certiorari had run or certiorari was denied.  (Ariz. Supr. Ct. 52.)  Further, it vacated the
4   second Notice of PCR.  (Id.)  Petitioner, *in propria persona*, moved the Arizona Supreme
5   Court to discharge appointed counsel, John Antineau, and to proceed pro se.  (Ariz.Sup.Ct.
6   53, 54.)  The Arizona Supreme Court granted Petitioner's motion.  (Ariz.Sup.Ct. 60.)  A pro
7   se writ of certiorari was filed before the U.S. Supreme Court and denied.  Runningeagle v.
8   Arizona, 510 U.S. 1015 (1993).

9          Thereafter, the Arizona Supreme Court issued its mandate and refiled in the trial court
10   a second Notice of PCR on Petitioner's behalf.  ("2nd PCR")  (Ariz.Sup.Ct. 78, 79.)
11   Petitioner moved and the trial court granted Petitioner's motion to continue to proceed pro
12   se.  (Dkt. 21, ex. Q; ROA 378, 382.)  Petitioner did not comply with the deadline for the
13   filing of a second PCR petition, resulting in the trial court summarily dismissing his 2nd
14   PCR. (ROA 404.)

15          On May 13, 1994, Petitioner filed a pro se petition for writ of habeas corpus in this
16   Court, No. CV-94-972-PHX-PGR.  This Court appointed counsel, who filed an amended
17   petition on April 27, 1995. On March 21, 1996, the amended petition was dismissed, without
18   prejudice, because the petition presented both exhausted and unexhausted claims.

19          Meanwhile, Petitioner initiated a third PCR petition ("3rd PCR"), raising forty claims.
20   (Dkt. 21, ex. X.)  The PCR court dismissed the petition.  (Dkt. 21, ex. Y.)  Petitioner filed a
21   motion for rehearing, which was denied.  (Dkt. 21, ex. Z, AA.)  Petitioner then sought review
22   in the Arizona Supreme Court, which was denied.  (Dkt. 21, ex. BB.)

23          On October 21, 1998, Petitioner commenced the instant action by moving for
24   appointment of counsel.  (Dkt. 1.)  The Court appointed counsel and Petitioner filed an
25   Amended Petition for Writ of Habeas Corpus on April 15, 1999.  The Court ordered briefing,
26   limited to the procedural status of Petitioner's claims.

27                    **PRINCIPLES OF EXHAUSTION AND PROCEDURAL DEFAULT**
28          Because this case was filed after April 24, 1996, it is governed by the Antiterrorism

and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA").  Lindh v. Murphy, 521 U.S. 320, 336 (1997); Woodford v. Garceau, 538 U.S. 202, 210 (2003).  The AEDPA requires that a writ of habeas corpus not be granted unless it appears that the petitioner has exhausted all available state court remedies.  28 U.S.C. § 2254(b)(1); see also Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509 (1982).  To properly exhaust state remedies, the petitioner must "fairly present" his claims to the state's highest court in a procedurally appropriate manner.  O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).

A claim is "fairly presented" if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.  Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 277-78 (1971).[4]  Commenting on the importance of fair presentation, the United States Supreme Court has stated:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).  Following Duncan, the Ninth Circuit Court of Appeals has held that a state prisoner has not "fairly presented" (and thus exhausted) federal claims in state court unless he specifically indicated to that court that the claims were based on federal law.  See, e.g., Lyons v. Crawford, 232 F.3d 666, 669-70 (2000), as amended by 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be tried by impartial jury and ineffective assistance of counsel lacked the specificity and explicitness required to present federal claim); Shumway v. Payne, 223 F.3d

---

[4]      Resolving whether a petitioner has fairly presented his claim to the state court is an intrinsically federal issue to be determined by the federal court.  Wyldes v. Hundley, 69 F.3d 247, 251 (8th Cir. 1995); Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir. 1994).

1   982, 987-88 (9th Cir. 2000) (broad reference to "due process" insufficient to present federal

2   claim); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity

3   between a claim of state and federal error is insufficient to establish exhaustion.").   A

4   petitioner must make the federal basis of a claim explicit either by citing specific provisions

5   of federal law or federal case law, even if the federal basis of a claim is "self-evident," Gatlin

6   v. Madding, 189 F.3d 882, 888 (9th Cir. 1999), or by citing state cases that explicitly analyze

7   the same federal constitutional claim, Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir.

8   2003) (en banc).   Such explicit fair presentation must be made not only to the trial or post-

9   conviction court, but to the state's highest court.   Baldwin v. Reese, 541 U.S. 27, 29 (2004).

10   If a petitioner's habeas claim includes new factual allegations not presented to the state court,

11   the claim may be considered unexhausted if the new facts "fundamentally alter" the legal

12   claim presented and considered in state court.   Vasquez v. Hillery, 474 U.S. 254, 260 (1986).

13         A habeas petitioner's claims may be precluded from federal review in either of two

14   ways.   First, a claim may be procedurally defaulted in federal court if it was actually raised

15   in state court but found by that court to be defaulted on state procedural grounds.   Coleman,

16   501 U.S. at 729-30.   Second, a claim may be procedurally defaulted if the petitioner failed

17   to present the claim in any forum and "the court to which the petitioner would be required

18   to present his claims in order to meet the exhaustion requirement would now find the claims

19   procedurally barred."   Coleman, 501 U.S. at 735 n.1.   This is often referred to as "technical"

20   exhaustion because although the claim was not actually exhausted in state court, the

21   petitioner no longer has an available state remedy.   See id. at 732 ("A habeas petitioner who

22   has defaulted his federal claims in state court meets the technical requirements for

23   exhaustion; there are no remedies any longer 'available' to him."); Gray v. Netherland, 518

24   U.S. 152, 161-62 (1996).

25         Rule 32 of the Arizona Rules of Criminal Procedure governs when petitioners may

26   seek relief in post-conviction proceedings and raise federal constitutional challenges to their

27   convictions or sentences in state court.   Rule 32.2 provides, in part:

28               a.  Preclusion.  A defendant shall be precluded from relief under this

rule based upon any ground:

. . . .

    (2)  Finally adjudicated on the merits on appeal or in any previous collateral proceeding;

    *(3)  That has been waived at trial, on appeal, or in any previous collateral proceeding.*

    b.  Exceptions.  Rule 32.2(a) shall not apply to claims for relief based on Rules 32.1(d), (e), (f), (g) and (h).  When a claim under [these sub-sections] is to be raised in a successive or untimely post-conviction relief proceeding, the notice of post-conviction relief must set forth the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner.  If the specific exception and meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice shall be summarily dismissed.

Ariz. R. Crim. P. 32.2 (West 2003) (emphasis added).   Thus, pursuant to Rule 32.2, petitioners may not be granted relief on any claim which could have been raised in a prior petition for post-conviction relief.   Only if a claim falls within certain exceptions (subsections (d) through (h) of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior petition or not presented in a timely manner will the preclusive effect of Rule 32.2 be avoided.  Ariz. R. Crim. P. 32.2(b), 32.4(a).

Therefore, in the present case, if there are claims which have not been raised previously in state court, the Court must determine whether Petitioner has state remedies currently available to him pursuant to Rule 32.   If no remedies are currently available, petitioner's claims are "technically" exhausted but procedurally defaulted.  Coleman, 501 U.S. at 732, 735 n.1.  In addition, if there are claims that were fairly presented in state court but found defaulted on state procedural grounds, such claims also will be found procedurally defaulted in federal court so long as the state procedural bar was independent of federal law and adequate to warrant preclusion of federal review.  Harris v. Reed, 489 U.S. 255, 262 (1989).  A state procedural default is not independent if, for example, it depends upon an antecedent federal constitutional ruling.  See Stewart v. Smith, 536 U.S. 856 (2002) (per curiam).  A state bar is not adequate unless it was firmly established and regularly followed at the time of application by the state court.  Ford v. Georgia, 498 U.S. 411, 423-24 (1991).

1    Because the doctrine of procedural default is based on comity, not jurisdiction, federal

2    courts retain the power to consider the merits of procedurally defaulted claims. <u>Reed v.</u>

3    <u>Ross</u>, 468 U.S. 1, 9 (1984). As a general matter, the Court will not review the merits of

4    procedurally defaulted claims unless a petitioner demonstrates legitimate cause for the failure

5    to properly exhaust in state court and prejudice from the alleged constitutional violation, or

6    shows that a fundamental miscarriage of justice would result if the claim were not heard on

7    the merits in federal court. <u>Coleman</u>, 501 U.S. at 735 n.1.

8    Ordinarily "cause" to excuse a default exists if a petitioner can demonstrate that "some

9    objective factor external to the defense impeded counsel's efforts to comply with the State's

10   procedural rule." <u>Id.</u> at 753. Objective factors which constitute cause include interference

11   by officials which makes compliance with the state's procedural rule impracticable, a

12   showing that the factual or legal basis for a claim was not reasonably available to counsel,

13   and constitutionally ineffective assistance of counsel. <u>Murray v. Carrier</u>, 477 U.S. 478, 488

14   (1986). "Prejudice" is actual harm resulting from the alleged constitutional error or violation.

15   <u>Magby v. Wawrzaszek</u>, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice resulting

16   from a procedural default, a habeas petitioner bears the burden of showing not merely that

17   the errors at his trial constituted a possibility of prejudice, but that they worked to his actual

18   and substantial disadvantage, infecting his entire trial with errors of constitutional dimension.

19   <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).

20   If a petitioner cannot meet the cause and prejudice standard, the Court still may hear

21   the merits of procedurally defaulted claims if the failure to hear the claims would constitute

22   a "fundamental miscarriage of justice." <u>Sawyer v. Whitley</u>, 505 U.S. 333 (1992). The

23   "fundamental miscarriage of justice" exception is also known as the actual or procedural

24   innocence exception. There are two types of claims recognized under this exception: (1) that

25   a petitioner is "innocent of the death sentence," or, in other words, that the death sentence

26   was erroneously imposed; and (2) that a petitioner is innocent of the capital crime. In the

27   first instance, the petitioner must show by clear and convincing evidence that, but for a

28   constitutional error, no reasonable factfinder would have found the existence of any

aggravating circumstance or some other condition of eligibility for the death sentence under the applicable state law.  Id. at 336.  In the second instance, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327 (1995).  To establish the requisite probability, the petitioner must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Id.  Furthermore:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Id. at 324.

# DISCUSSION

Respondents concede that Claims 8, 9, 10 (in part) and 20 are exhausted.  However, Respondents contest exhaustion regarding the remaining claims, which are discussed below.

## I.  Fifth Amendment Due Process Claims

With respect to claims alleging that his due process rights under the 5th Amendment were violated, it is the 14th Amendment, not the 5th Amendment that protects a person against deprivations of due process by a state.  See U.S. Const. amend. XIV, § 1 ("nor shall any state deprive any person of life, liberty, or property without due process of law"); Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.").  Regardless of any concession by Respondents concerning exhaustion, because the 5th Amendment Due Process Clause does not provide a cognizable ground for relief regarding Petitioner's state court conviction, the allegations that the 5th Amendment Due Process Clause was violated will be dismissed; it will not be discussed below with respect to the individual claims.

## II.  Individual Claims

1    **CLAIM 1:    Ineffective Assistance of Counsel at Trial**

2         The Court previously deferred ruling on the sentencing-related aspects of Claims 1-A

3    through 1-C, which allege that Petitioner received ineffective assistance of counsel ("IAC")

4    at sentencing. (See dkts. 90 at 1 n.2; 18 at 20-26.)  Petitioner asserts that he exhausted these

5    claims in his application for *coram nobis* and in his 1st PCR. (Dkt. 21, ex. B-D.)  The Court

6    previously rejected that argument in connection with the conviction-related aspects of these

7    claims. (Dkt. 90 at 11-12.)  For the same reasons, the Court finds that the sentencing-related

8    aspects of these claims were not exhausted by presentation in an application for *coram nobis*

9    or the 1st PCR. (See dkt. 90 at 11-17.)

10        Petitioner did fairly present Claims 1-A thru 1-C in his 3rd PCR. (See dkt. 90 at 13,

11   n.10.)  The PCR court concluded that Claims 1-A thru 1-C were procedurally defaulted as

12   waived pursuant to Ariz. R. Crim. P. 32.2(a)(3). (See id.)  The state supreme court

13   summarily denied review of the 3rd PCR. (Ariz.Sup.Ct. 84.)  Because the Court looks

14   through the state supreme court's denial of review to the PCR court's ruling and that court

15   found the claims precluded pursuant to an adequate and independent state bar, federal review

16   of the sentencing aspects of these claims is foreclosed unless Petitioner can demonstrate

17   cause and prejudice or a fundamental miscarriage of justice ("FMJ").

18        Petitioner argues that cause and prejudice and/or FMJ exist on the same grounds urged

19   in connection with the conviction-related aspects of these claims. The Court previously

20   determined that those grounds were insufficient to establish either cause and prejudice or

21   FMJ to excuse procedural default of the conviction-related aspects of these claims. (Dkt. 90

22   at 17-19.)  That determination applies equally to the sentencing-related aspects of these

23   claims.   Accordingly, the sentencing aspects of these claims will be dismissed as

24   procedurally barred.

25        **CLAIM 2:    Alleged Brady Violation**

26        Petitioner alleges that he suffered a violation of Brady v. Maryland, 373 U.S. 83

27   (1963), when the State failed to disclose exculpatory evidence consisting of statements made

28   by a jailhouse witness, Manuel Melendez, in violation of Petitioner's rights under the 1st,

1   6th, 8th and 14th Amendments.  Petitioner raised Claim 2 in his 3rd PCR as claim 4.  (See

2   Dkt. 21, ex. X at 36.)  Respondents contend that the trial court found Claim 2 procedurally

3   defaulted pursuant to Rule 32.2(a)(3).  (Dkt. 21 at 33.)

4           This Court previously explained that Claim 2 was resolved on the merits during

5   Petitioner's 3rd PCR proceeding. (Dkt. 90 at 19-20.)  Accordingly, Claim 2 is exhausted and

6   will be reviewed on the merits regarding both its conviction-related and sentencing-related

7   aspects.

8           **CLAIM 3:    Admission of Alleged Involuntary Statements**

9           Claim 3 alleges that the trial court's refusal to suppress statements Petitioner made to

10  investigating officers violated his rights to a fair trial, to confront witnesses against him, to

11  compulsory process and to due process and equal protection under the 1st, 6th, 8th and 14th

12  Amendments.  (Dkt. 18 at 51.)

13          The Court previously determined that the conviction-related aspects this claim had not

14  been properly exhausted on direct appeal by virtue of the supreme court's fundamental error

15  review where this claim was not raised on direct appeal.  (Dkt. 90 at 20-22.)  For the same

16  reasons, the Court concludes that the sentencing-related aspects were not exhausted by virtue

17  of the supreme court's fundamental error review.  (Id.)

18          Although Petitioner fairly presented this claim in his 3rd PCR, the PCR court found

19  the claim procedurally defaulted as waived pursuant to Rule 32.2(a)(3).  (Id. at 21, citing dkt.

20  21, ex. Y.)  Therefore, unless Petitioner can demonstrate cause and prejudice or FMJ to

21  excuse the default, federal review of this claim is procedurally barred.  Petitioner relies on

22  the same grounds to establish cause and prejudice and FMJ previously determined to be

23  insufficient by the Court.   (Dkt. 90 at 22.)  Accordingly, the Court finds the sentencing-

24  related aspects of this claim procedurally barred.

25          **CLAIM 5: Fisher Agreement**

26          Petitioner contends that his constitutional right to a fair sentencing hearing was

27  violated by co-defendant Orva Antone testifying at trial pursuant to a consistency agreement

28  whereby Antone agreed to testify consistent with written statements he had previously

1    provided to investigating officers.  (Dkt. 18 at 56.)  Petitioner argues that the consistency

2    agreement required Antone to implicate him rather than simply tell the truth in violation of

3    his rights under the 1st, 6th, 8th and 14th Amendments.  (Id. at 57.)

4           Petitioner first presented this claim in his 3rd PCR.  However, the PCR court found

5    it procedurally defaulted as waived pursuant to Rule 32.2(a)(3).  Because the sentencing-

6    related aspects of this claim were procedurally defaulted in state court, federal review of

7    these aspects of this claim will be barred absent a showing of cause and prejudice or FMJ.

8    Because the sentencing-related aspects of this claim were procedurally defaulted in state

9    court, federal review of these aspects of this claim will be barred absent a showing of cause

10   and prejudice or FMJ.  Petitioner relies on the same grounds to establish cause and prejudice

11   and FMJ previously determined by the Court to be insufficient.  (See dkt. 90 at 17-19.)

12   Accordingly, the Court finds the sentencing-related aspects of this claim procedurally barred.

13              **CLAIM 10: Failure to Appropriately Weigh All Mitigation**

14          Claim 10 alleges the trial court failed to consider and give effect to all of the

15   mitigation presented at sentencing and that the Arizona Supreme Court did not cure that

16   failure in violation of Petitioner's 1st, 6th, 8th and 14th Amendments.  (Dkt. 18 at 70-73.)

17   Specifically, Petitioner alleges that the state courts failed to consider his psychological

18   history and status, intoxication, troubled family, love and support of his family and friends,

19   employment history, intelligence, his caring attitude toward family and friends, non-violent

20   background, and the more lenient sentence received by co-defendant Antone.  (Id. at 70-71.)

21   Petitioner asserts that the claim was fairly presented on direct appeal, or otherwise exhausted

22   by virtue of the supreme court's independent sentencing review, and that it was fairly

23   presented in his 3rd PCR.  (Id. at 73.)  Respondents concede that Petitioner exhausted the

24   allegation that the trial court failed to consider and give effect to Petitioner's psychological

25   history and status in violation of his 8th and 14th Amendment rights on direct appeal.  (Dkt.

26   21 at 27, 41.)  The Court agrees and finds that portion of this claim exhausted.  Respondents

27   contend that the balance of the claim was not exhausted on direct appeal or by virtue of the

28   supreme court's independent sentencing review and that the PCR court found the balance of

1    the claim procedurally defaulted.  (Id.)

2           The Arizona Supreme Court, through its jurisprudence, has repeatedly stated that it

3    independently reviews each capital case to determine whether the death sentence is

4    appropriate.  In State v. Gretzler, 135 Ariz. 42, 54, 659 P.2d 1, 13 (1983), the court stated

5    that the purpose of independent review is to assess the presence or absence of aggravating

6    and mitigating circumstances and the weight to give to each.  See also State v. Blazak, 131

7    Ariz. 598, 604, 643 P.2d 694, 700 (1982).  To ensure compliance with Arizona's death

8    penalty statute, the supreme court reviews the record regarding aggravation and mitigation

9    findings, and then decides independently whether the death sentence should be imposed.

10   State v. Brewer, 170 Ariz. 486, 493-94, 826 P.2d 783, 790-91 (1992).

11          The Court initially concludes that Petitioner's allegation that the state supreme court

12   violated his constitutional rights by failing to cure the alleged trial court error could not have

13   been exhausted by virtue of its independent sentencing review.  It is during that review that

14   the error was alleged to have occurred.  To give the state's highest court the opportunity to

15   rule on a claim of error arising during the direct appeal, the proper method was to present the

16   allegation in a motion for reconsideration with the Arizona Supreme Court.  See Ariz. R.

17   Crim. P. 31.18(b) ("Any party desiring reconsideration of a decision of an appellate court

18   may file a motion for reconsideration in the appellate court within fifteen days after the filing

19   of a decision by the appellate court."); Moormann v. Schriro, 426 F.3d 1044, 1058 (9th Cir.

20   2005) (holding that the Arizona Supreme Court's independent sentencing review did not

21   exhaust claim alleging that the supreme court failed to cure alleged trial court error in the

22   consideration and evaluation of aggravating and mitigating evidence; the proper method to

23   present such claims is in a motion for reconsideration); Correll v. Stewart, 137 F.3d 1404,

24   1418 (9th Cir. 1998) (same).  Although Petitioner filed a motion for the court to reconsider

25   its decision on direct appeal, he did not raise any issue related to the Arizona Supreme

26   Court's independent sentencing review of his mitigation evidence.  (See Ariz. Supr. Ct. 45.)

27   Rather, he did not raise the supreme court error aspect of Claim 10 until his 3rd PCR, and the

28   PCR court found this aspect of Claim 10 procedurally defaulted as waived pursuant to Rule

32.2(a)(3).  (Dkt. 21, ex. Y.)  This contention is procedurally defaulted.  Petitioner argues that cause and prejudice or FMJ excuses the default.  The Court disagrees.  Petitioner relies on arguments previously found insufficient by this Court to establish cause and prejudice and FMJ.  (See dkt. 90 at 17-19.)  Therefore, the Court finds this portion of this claim procedurally barred.

The Court further concludes that the balance of Petitioner's arguments regarding mitigation was not presented on direct appeal.  (See Opening Br. at 22.)  In his 3rd PCR, Petitioner did fairly present his trial court error claim.  Except for the psychological history mitigation, the PCR court found the balance of Claim 10 procedurally defaulted pursuant to Rule 32.2(a)(3).  However, the Court must still consider whether the Arizona Supreme Court's independent review exhausted Petitioner's remaining allegations.  Whether such independent review exhausts a federal constitutional challenge to the trial court's alleged failure to consider and weigh specific mitigation evidence is an open question in the Ninth Circuit.  Cf. Beaty, 303 F.3d 975, 987 (9th Cir. 2002).  Rather than resolve the more difficult procedural issue, the Court finds it judicially expedient under the AEDPA to summarily reach and deny the merits of Claim 10's trial error aspect under the 8th and 14th Amendment.

Petitioner argues that the Arizona Supreme Court's denial of relief on the exhausted and arguably exhausted portions of this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1) (Supp. 2004).  To assess a habeas claim under § 2254(d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review.  "Clearly established" federal law includes the holdings of the Supreme Court at the time the petitioner's state court conviction became final.[5]  See Williams v. Taylor, 529 U.S. 362, 365

---

[5]     The Supreme Court's analysis of whether a claim is based on "clearly established" federal law under § 2254(d)(1) is related to the standard set out in Teague v. Lane, 489 U.S. 288 (1989).  That is, Supreme Court precedent which would qualify as an

1   (2000). Habeas relief cannot be granted if the Supreme Court has not "broken sufficient

2   legal ground" on a constitutional principle advanced by a petitioner, even if lower federal

3   courts have decided the issue.  See id. at 381.  However, Ninth Circuit law may still be

4   considered "for its persuasive authority in applying Supreme Court law."  Van Tran v.

5   Lindsey, 212 F.3d 1143, 1154 (9th Cir. 2000), overruled on another ground by Lockyer v.

6   Andrade, 538 U.S. 63 (2003); Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir.), cert. denied,

7   540 U.S. 968 (2003).

8        A state court decision is "contrary to" clearly established federal law if it fails to apply

9   the correct controlling Supreme Court authority, or if it applied the correct authority to a case

10  involving facts materially indistinguishable from those in a controlling Supreme Court case,

11  but nonetheless reached a different result.  Id. at 413; see also Andrade, 538 U.S. at 72.

12  Whether a state court's interpretation of federal law is contrary to Supreme Court authority,

13  as opposed to an unreasonable application thereof, is a question of federal law to which

14  federal courts owe no deference to the state courts.  Cordova v. Baca, 346 F.3d 924, 929-30

15  (9th Cir. 2003).

16       A state court decision amounts to an "unreasonable application" under § 2254(d)(1)

17  if the state court correctly identifies the governing "clearly established" legal principle from

18  the Supreme Court's decisions, but then makes an objectively unreasonable application of

19  that principle to the facts of the petitioner's case.  See Andrade, 538 U.S. at 75.  An

20  "objectively unreasonable" application of federal law involves more than an incorrect or even

21  clearly erroneous application of federal law.  See Williams, 529 U.S. at 410-11 ("[A] federal

22  habeas court may not issue the writ simply because that court concludes in its independent

23  judgment that the relevant state-court decision applied clearly established federal law

24  erroneously or incorrectly.  Rather, that application must also be unreasonable.")  In contrast

25  to the "contrary to" prong of § 2254(d)(1), the AEDPA mandates deferential review of a state

26

27  ─────────────────────

28  "old rule" under Teague would necessarily be "clearly established" federal law under
    § 2254(d)(1).  See Teague, 489 U.S. at 301.

1    court's application of clearly established Supreme Court precedent.  See Woodford v.

2    Visciotti, 537 U.S. 19, 24 (2002) (citing Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997)).

3           In considering a challenge under either the "contrary to" or "unreasonable

4    application"  prong of subsection (d)(1), state court factual determinations are presumed

5    correct pursuant to § 2254(e)(1) and can be rebutted only by clear and convincing evidence.

6    See Taylor v. Maddox, 366 F.3d 992, 1000 (9th Cir.), cert. denied 125 S.Ct. 809 (2004).

7           The clearly established Supreme Court law regarding consideration of mitigation is

8    set forth in Lockett v. Ohio and Eddings v. Oklahoma, which hold that "the Eighth and

9    Fourteenth Amendments require that the sentencer . . . not be precluded from considering,

10   *as a mitigating factor,* any aspect of a defendant's character or record and any of the

11   circumstances of the offense that the defendant proffers as a basis for a sentence less than

12   death."  Eddings, 455 U.S. 104, 110 (1982) (quoting Lockett, 438 U.S. 586, 604 (1978)).

13   The Constitution and the clearly established law require only that the sentencing court hear

14   and consider all mitigation evidence, but the court may determine the *weight* to accord such

15   evidence. Id. at 114-15.  In assessing Petitioner's claim for habeas relief, the Court does not

16   evaluate the substance of each and every piece of evidence submitted as mitigation.  See

17   Jeffers v. Lewis, 38 F.3d 411, 418 (9th Cir. 1994) (en banc) (holding that when it is evident

18   that all mitigating evidence was considered, trial court is not required to discuss each piece

19   of such evidence).  Rather, the Court assesses whether the state court's consideration of all

20   proffered mitigation evidence, was contrary to or an unreasonable application of the

21   principles set forth in Lockett and Eddings.

22          At sentencing, the trial court specifically indicated that it had considered all of the

23   evidence presented in mitigation:

24          The Court has considered all relevant evidence, testing, statements, reports,
             etc., presented on behalf of defendant[]. . . .  The constitutional requirement to
25          an individual determination in a capital case, requires . . . that I consider all
             relevant mitigating factors . . . . The Court has considered all the evidence,
26          testimony, letters on behalf of defendant Runningeagle, and psychologists
             reports prepared and proffered as mitigation in this case.

27
     (ROA 91 at 3, 4, 8.) Further, it specifically detailed its consideration of Petitioner's alleged
28

1    alcohol abuse the day of the crime, his psychological history, and the testimony and letters

2    from family and friends, which described Petitioner's family history and support, and his

3    educational, social and employment history. (ROA 86; RT 12/9/88 at 28-111, RT 1/13/89 at

4    22-85.)  The trial court also indicated that it had considered the presentence report, which

5    contained information regarding Petitioner's social and educational history as well as

6    psychological test results and reports.  (ROA 82-84, 91.)  Further, the trial court was fully

7    aware of Antone's plea agreement and sentence of probation, because Antone had been

8    sentenced by the same court.  (ROA 82A, 84.)

9         This Court must assess whether that determination was either "contrary to" or "an

10   unreasonable application" of the principles set forth in Lockett and Eddings.  The Court

11   concludes that the supreme court's affirmance of the sentence was neither contrary to or an

12   unreasonable application of Lockett and Eddings.  A state trial court need not exhaustively

13   analyze each mitigating factor so long as a reviewing federal court can discern from the

14   record that it considered all proffered mitigation.  Moormann, 426 F.3d at 1055.  Further, a

15   court may rely on a sentencing court's explicit statement that it considered all proffered

16   mitigation.  Id.  The trial court in this case explicitly stated that it considered all of the

17   proffered mitigation and the supreme court implicitly relied on that statement.  Therefore,

18   this Court finds that the state court's denial of relief on this claim was neither contrary to nor

19   an unreasonable application of clearly established federal law.  Accordingly, the Court will

20   deny the exhausted or arguably exhausted portions of this claim on the merits.

21        **CLAIM 11:  Victim Impact Statements**
          **CLAIM 12:  Disproportionate Sentence of Death**
22        **CLAIM 13:  Inadequate Direct Appeal Appellate Review**

23        In Claim 11, Petitioner argues that the trial court's admission of irrelevant victim

24   impact statements at sentencing violated his rights under the 6th, 8th and 14th Amendments.

25   (Dkt. 18 at 73-76.)  In Claim 12, Petitioner alleges that imposition of the death penalty

26   against him constitutes a disproportionate and excessive sentence in violation of the 8th and

27   14th Amendment.  (Id. at 76-78.)  In Claim 13, Petitioner alleges that the Arizona Supreme

28   Court's review of his direct appeal was inadequate and constitutes a violation of the 8th and

14th Amendment.  (<u>Id.</u> at 78-79.)  Petitioner concedes that he did not raise these claims on direct appeal, <u>id.</u> at 76-78, but contends that Claims 11 and 12 were exhausted by virtue of the Arizona Supreme Court's fundamental error review or that he fairly presented these claims, as well as Claim 13, in his 3rd PCR.  (<u>Id.</u> at 78-79.)

The Court rejects the contention that Claims 11 and 12 were exhausted by virtue of the supreme court's fundamental error review where he did not raise these issues on appeal for the reasons discussed in its previous order.  (<u>See</u> dkt. 90 at 20-21.)  Further, although Petitioner fairly presented Claims 11, 12 and 13 in his 3rd PCR, dkt. 21 at 42-43, the PCR court found them procedurally defaulted as waived pursuant to Rule 32.2(a)(3).  (<u>Id.</u>, ex. Y at 1-2.)  Because these claims were procedurally defaulted in state court, this Court may not consider them on the merits unless Petitioner can demonstrate cause and prejudice or FMJ.

The Court rejects Petitioner's cause and prejudice arguments.  Nothing prevented Petitioner's counsel from raising these claims on direct appeal.  Petitioner's argument to the contrary does not have merit.  (<u>See</u> dkt. 44 at 44-45; dkt. 90 at 17-19.)  Petitioner has not established that a fundamental miscarriage of justice will occur if Claim 11, 12 or 13 is not heard on the merits.  (<u>See</u> dkt. 44 at 34-35; dkt. 90 at 19.)  Claims 11, 12 and 13 are procedurally barred.

**CLAIM 14:  Methods of Execution**

In Claim 14, Petitioner raises the following method of execution claims regarding execution by lethal gas and execution by lethal injection:

(a)  Execution by lethal gas will violate his 8th and 14th Amendment rights;

(b)  Execution by lethal injection will violate his 8th and 14th Amendment rights;

(c)  Altering the statutory means of execution and requiring choice of method of execution violates the Ex Post Facto Clause of the U.S. Constitution, Art. 1, § 10, cl. 1;

(d)  Requiring him to choose his method of execution violates his 8th and 14th Amendment rights;

(e)  Execution in a manner not authorized by law at the time of his sentencing violates the 8th and 14th Amendment.

(Dkt. 18 at 79-89.)

1    Petitioner alleges that he exhausted Claim 14 in his 3rd PCR.  (Dkt. 18 at 89.)
2    However, while fairly presented in his 3rd PCR, the PCR court found Claim 14 procedurally
3    defaulted as waived pursuant to Rule 32.2(a)(3).  (Dkt. 21, ex. Y.)  Because these claims
4    were found procedurally defaulted in state court pursuant to Rule 32.2(a)(3), federal review
5    is barred unless Petitioner can demonstrate cause and prejudice or FMJ.  Petitioner relies on
6    the same cause and prejudice and FMJ arguments previously found insufficient by the Court.
7    (See dkt. 90 at 17-19.)  Accordingly, Claim 14 is procedurally barred.

8                    **CLAIM 15: Ineffective Assistance of Appellate Counsel**

9    Petitioner argues that he received IAC during his direct appeal and during state post-
10   conviction proceedings in violation of his rights under the 1st, 6th, 8th and 14th
11   Amendments.  (Dkt. 18 at 89.)

12   The Court previously found, in connection with the conviction-related aspects of this
13   claim, that post-conviction IAC is not a cognizable habeas claim.  (Dkt. 90 at 26.)  That
14   conclusion applies equally to the sentencing-related aspects of this claim; therefore, the claim
15   will be dismissed as not cognizable to that extent.  Although Petitioner presented the
16   appellate IAC portion of this claim in his 3rd PCR, dkt. 90 at 26, the PCR court found the
17   claim procedurally defaulted as waived pursuant to Rule 32.2(a)(3).  (Dkt. 21, ex. Y.)
18   Therefore, federal review on the merits of this claim is procedurally barred unless Petitioner
19   can establish cause and prejudice or FMJ.  Petitioner relies on the same arguments to
20   establish cause and prejudice and FMJ that the Court previously found insufficient.  (See dkt.
21   90 at 26-27.)  Accordingly, the Court finds the sentencing-related aspects of this claim not
22   cognizable in part and procedurally barred in part.

23                   **CLAIM 16:  Trial Counsel's Motion to Withdraw Prior to Sentencing**

24   Claim 16 alleges the trial court improperly denied a motion to withdraw filed by
25   Petitioner's trial counsel prior to sentencing in violation of Petitioner's 14th Amendment
26   rights.  (Dkt. 18 at 90-95.)  Petitioner first presented this claim in letters to, and in a petition
27   for writ of mandamus filed with, the trial court, which were part of the trial record on direct
28   appeal.  (Dkt. 44 at 45-46.)  Petitioner contends this claim was exhausted by virtue of the

supreme court's fundamental error review. (<u>Id.</u> at 46.)  The Court rejects that contention where the claim was not raised on direct appeal for the reasons discussed in its previous order.  (<u>See</u> dkt. 90 at 20-21.)

Petitioner did fairly present Claim 16 in his 3rd PCR.  The PCR court concluded that Claim 16 was procedurally defaulted as waived pursuant to Ariz. R. Crim. P. 32.2(a)(3). (<u>See</u> dkt. 21, ex. Y at 1.)  Pursuant to Rule 32.2(a)(3), the Court concludes that Claim 16 was procedurally defaulted in state court.  Absent further cause and prejudice or miscarriage of justice argument, Claim 16 is procedurally barred.

**CLAIM 17: Ineffective Assistance of Trial Counsel at Sentencing**

Claim 17 alleges IAC at sentencing in violation of Petitioner's 6th and 14th Amendment rights. (Dkt. 18 at 95-130.) Petitioner contends that he exhausted this claim by presenting it in his 1st and 3rd PCR.  Petitioner did not include Claim 17 in his 1st PCR or in his direct appeal; therefore, he did not fairly present this claim.  (<u>See</u> dkt. 21, ex. A-E.) Further, while Petitioner fairly presented this claim in his 3rd PCR, the PCR court found it procedurally defaulted as waived pursuant to Rule 32.2(a)(3). (<u>Id.</u>, ex. Y.) Therefore, federal review on the merits of this claim is procedurally barred unless Petitioner can establish cause and prejudice or FMJ.  Petitioner relies on the same arguments previously rejected by the Court to establish cause and prejudice and FMJ.  (<u>See</u> dkt. 90 at 17-19.)  Accordingly, the Court finds this claim procedurally barred.

**CLAIMS 18:  The Trial Court Improperly Held a Joint Penalty Hearing**

Claim 18 alleges that the trial court improperly held a joint penalty hearing for Petitioner and co-defendant, Corey Tilden, in violation of Petitioner's 8th and 14th Amendment rights. (Dkt. 18 at 130-33.) Petitioner asserts that this claim was exhausted on direct appeal by virtue of the Arizona Supreme Court's fundamental error review and that he also fairly presented it in his 1st and 3rd PCR. (Dkt. 44 at 46.)  The Court rejects the contention that this claim was exhausted by virtue of the supreme court's fundamental error review where it was never raised on direct appeal for the reasons discussed in its previous order.  (<u>See</u> dkt. 90 at 20-21.)  Further, Petitioner did not include Claim 18 in his 1st PCR;

therefore, he did not fairly present this claim in his 1st PCR.  (See dkt. 21, ex. A-E.)  While Petitioner fairly presented Claim 18 in his 3rd PCR, see dkt. 21 at 48-49, the PCR court concluded that it was procedurally defaulted as waived pursuant to Rule 32.2(a)(3).  (See id., ex. Y at 1.)  Therefore, federal review of Claim 18 is procedurally barred unless Petitioner can establish cause and prejudice or FMJ.  Petitioner relies on the same arguments previously rejected as insufficient by the Court to establish cause and prejudice and FMJ.  (See dkt. 90 at 17-19.)  Accordingly, the Court concludes that Claim 18 is procedurally barred.

### CLAIM 19:  IAC Based on Counsel's Failure to Request a Separate Penalty Hearing

Claim 19 alleges IAC at sentencing based on counsel's failure to request a separate sentencing hearing in violation of the 6th and 14th Amendments.  (Dkt. 18 at 133-34.) Petitioner alleges that he exhausted Claim 19 in his 1st PCR.  The Court concludes that Petitioner did fairly present Claim 19 in his 1st PCR proceeding.  (See dkt. 21, ex. D. at 3, id., ex. G at 1-2 and Ariz.Sup.Ct. 30.)  Moreover, Respondents conceded that Petitioner fairly presented this issue in the context of his trial.  (See dkt. 21 at 27; dkt. 90 at 11.)  Claim 19 will be reviewed on the merits.

### CLAIM 21:  Pecuniary Gain Aggravating Circumstance Fails to Adequately Narrow Class of Persons Eligible for Death Penalty, both Facially and as Applied to the Facts of this Case.

Petitioner alleges that Arizona's construction of the pecuniary gain aggravating circumstance fails to adequately narrow the class of persons eligible for the death penalty, facially and as applied, in violation of Petitioner's 8th and 14th Amendment rights.[6]  (Dkt. 18 at 135-38.)  On direct appeal, Petitioner only presented an "as applied" challenge to the pecuniary gain aggravating circumstance.  (See dkt. 21, ex. A at 12-19.)  Therefore, the "as applied" aspect will be reviewed on the merits.  Petitioner first presented the facial challenge

---

[6] Respondents argue that this claim only presents a facial challenge to Arizona's death penalty statute.  (Dkt. 21 at 49.)  However, the Court concludes that Claim 21 presents both a facial and an as applied challenge to the pecuniary gain aggravating circumstance.  (See dkt. 18 at 135.)

1   in his 3rd PCR, <u>see</u> dkt. 21 at 48-49, but the PCR court found that aspect of the claim

2   procedurally defaulted as waived pursuant to Rule 32.2(a)(3).  (<u>See</u> <u>id.</u>, ex. Y at 1.)  Federal

3   review of the facial challenge is procedurally barred unless Petitioner can establish cause and

4   prejudice or FMJ.  Petitioner relies on arguments previously rejected by the Court as

5   insufficient to establish cause and prejudice and FMJ.  (<u>See</u> dkt. 90 at 26-27.)  Therefore, the

6   Court finds that Petitioner has not established cause and prejudice to excuse the procedural

7   default of the facial aspect of this claim and it is procedurally barred.  The "as applied"

8   aspect of this claim will be reviewed on the merits.

9   **CLAIM 22    Arizona Death Penalty Scheme is Unconstitutional**

10   In Claim 22, Petitioner alleges that the Arizona death penalty statute:

11   (a)    fails to narrowly define the class of death-eligible individuals in violation of
        the 8th and 14th Amendments;

12
13   (b)    fails to ensure that the death penalty is not imposed arbitrarily in violation of
        the 8th and 14th Amendments;

14   (c)    is applied in such a manner that it discriminates against males, the young,
        minorities and the poor in violation of the 8th and 14th Amendments;

15
16   (d)    denies defendants the right to a jury trial in the sentencing phase in violation
        of the 6th and 14th Amendments;

17   (e)    creates an impermissible statutory presumption in favor of the imposition of
        a death sentence in violation of the 8th and 14th Amendments;

18
19   (f)    improperly places the burden on a defendant to prove the existence of
        mitigating circumstances in violation of the 8th and 14th Amendments;

20   (g)    mandates the imposition of a death sentence where the court finds that the
        aggravating circumstances outweigh the mitigating circumstances in violation
        of the 8th and 14th Amendments;

21
22   (h)    fails to require the sentencer to determine, beyond a reasonable doubt, that the
        death sentence is the appropriate punishment in violation of the 8th and 14th
        Amendments;

23
24   (i)    gives the prosecution unfettered discretion in determining whether to seek the
        death penalty in violation of the 14th Amendment; and

25
26   (j)    fails to ensure that the death penalty is not imposed arbitrarily or
        discriminatorily by providing for proportionality review in violation of the 8th
        and 14th Amendments.

27
28   (Dkt. 18 at 138-146.)  Petitioner did not fairly present Claim 22 during his direct appeal or

1    during his 1st PCR proceeding.  (See dkt. 21, ex. A, G.); therefore, he did not exhaust this

2    claim either during direct appeal or during his 1st PCR.  (See dkt. 90 at 13, 15-16.)  Although

3    Petitioner fairly presented this claim in his 3rd PCR, dkt. 44 at 46, the PCR court found it

4    procedurally defaulted as waived pursuant to Rule 32.2(a)(3). (Dkt. 21, ex. Y at 1.)  Because

5    this claim was found procedurally defaulted by the state court, federal review on the merits

6    is procedurally barred unless Petitioner establishes cause and prejudice or FMJ.  Petitioner

7    relies on arguments previously found insufficient by this Court to establish cause and

8    prejudice and FMJ.  (See dkt. 90 at 17-19.)  Therefore, the Court finds this claim

9    procedurally barred.

10                                                   **CONCLUSION**

11          The Court concludes that Claims 1A thru 1-C, 3, 5, 10-18, 21 and 22 are procedurally

12   barred and will be dismissed.  The Court further concludes that Claim 10 is without merit.

13   Claims 2, 8, 9, 19 and 20 will be briefed on the merits and addressed in a future order.

14          Accordingly,

15          **IT IS HEREBY ORDERED** that the following claims are **DISMISSED WITH**

16   **PREJUDICE**: Claims 1-A thru 1-C, 3, 5, 10-18, 21 and 22 are procedurally barred; Claim

17   10 is denied as meritless.

18          **IT IS FURTHER ORDERED** that, no later than forty-five (45) days following entry

19   of this Order, Petitioner shall file a memorandum regarding the merits of Claims 2, 8, 9, 19

20   and 20 ("Merits Brief RE: Sentencing Claims").  The Merits Brief RE: Sentencing Claims

21   shall specifically identify and apply appropriate AEDPA standards of review as to *each claim*

22   *for relief*, not simply restate facts and argument contained in the Amended Petition.

23   Petitioner shall also identify in the Merits Brief RE: Sentencing Claims:  (1) each claim for

24   which further evidentiary development is sought; (2) the facts or evidence sought to be

25   discovered, expanded or presented at an evidentiary hearing; (3) why such evidence was not

26   developed in state court; and (4) why the failure to develop the claim in state court was not

27   the result of lack of diligence, in accordance with the Supreme Court's decision in Williams

28   v. Taylor, 529 U.S. 420 (2000).

1    **IT IS FURTHER ORDERED** that, no later than forty-five (45) days following the

2    filing of the Merits Brief RE: Sentencing Claims, Respondents shall file a Response ("Merits

3    Response RE: Sentencing Claims").

4    **IT IS FURTHER ORDERED** that no later than thirty (30) days following the filing

5    of Respondents' Merits Response RE: Sentencing Claims, Petitioner may file a Merits Reply

6    RE: Sentencing Claims.

7    **IT IS FURTHER ORDERED** that if, pursuant to LRCiv 7.2(g), Petitioner or

8    Respondents file a Motion for Reconsideration of this Order, such motion shall be filed

9    within fifteen (15) days of the filing of this Order.  The filing and disposition of such motion

10    shall not toll the time for the filing of the Merits Brief, Response or Reply as scheduled in

11    this Order.

12    **IT IS FURTHER ORDERED** that the Clerk of Court forward a courtesy copy of this

13    Order to the Clerk of the Arizona Supreme Court, 1501 W. Washington, Phoenix, Arizona

14    85007-3329.

15    DATED this 10th day of March, 2006.

16

17

18    Paul G. Rosenblatt

19    United States District Judge

20

21

22

23

24

25

26

27

28